IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Jamaad D. Thomas, ) | |
| ) | C.A. No. 5:20-3834-HMH-KDW |
| Petitioner, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Warden of Broad River Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Kaymani D. West made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Jamaad D. Thomas ("Thomas") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. (§ 2254 Pet., ECF No. 1.) In her Report and Recommendation filed on November 12, 2021, Magistrate Judge West recommends granting Respondent's motion for summary judgment and dismissing Thomas' petition. (R&R, generally, ECF No. 68.) Thomas filed unsigned[2] objections to the

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] On December 20, 2021, the clerk's office returned Thomas' unsigned objections via U.S. Mail, requesting that he sign and return the document. (Deficiency Memo, ECF No. 77.) However, to date, signed objections have not been received.

1

Report and Recommendation on November 29, 2021.[3] (Objs., ECF No.76.) For the reasons stated below, the court vacates its order entered on December 6, 2021, adopts the Report and and Recommendation, grants Respondent's motion for summary judgment, and denies Thomas' petition.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Thomas filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 2, 2020. (§ 2254 Pet., ECF No. 1.) Thomas is currently in state custody serving a 28-year sentence for a voluntary manslaughter conviction. (Id., ECF No. 1.) In his petition, Thomas seeks relief pursuant to § 2254, asserting that his guilty plea was involuntary "because counsel failed to reveal all the state's evidence against me and therefore my decision to pled [sic] guilty was not an informed decision." (Id., 5-7, ECF No. 1.) Further, Thomas alleges that his trial counsel was constitutionally deficient "because [Thomas] was 'unaware of witness statements he had no knowledge of when [his] guilty plea was entered [and] Defense counsel made no efforts to investigate newly discovered evidence for preparation. . . ." (Id. 5-7, ECF No.1.)

On May 3, 2021, Respondent submitted its return and memorandum to Thomas' petition, as well as a motion for summary judgment.[4] (Return & Mem., ECF No. 56; Mot.

---

[3] Houston v. Lack, 487 U.S. 266 (1988).

[4] Previously, the court entered a proper form order directing Thomas to bring his petition into proper form by November 30, 2020. (Proper Form Order, ECF No. 7.) Having received no response by the deadline, the court dismissed the petition without prejudice for failing to prosecute and comply with an order of the court. (Order Dismissing, ECF No. 13.) On January 4, 2021, Thomas filed a motion for reconsideration and a Notice of Appeal. (Mot. Amend. J., ECF No. 19; Not. Appeal, ECF No. 20.) The court granted Thomas' motion for reconsideration and vacated the order dismissing the case for failing to prosecute. (Order Jan 5, 2021, ECF No. 25.) On May 28, 2021, the Fourth Circuit entered an opinion and order dismissing Thomas'

Summ. J., ECF No. 57.) Thomas filed his response on June 9, 2021. (Resp. Mot. Summ. J., ECF No. 62.) Respondent filed his reply on June 16, 2021. (Reply, ECF No. 63.) On November 12, 2021, Magistrate Judge West recommended granting Respondent's motion for summary judgment and denying Thomas' petition. (R&R, ECF No. 68.) Objections to the Report and Recommendation were due by November 29, 2021. After receiving no timely objections and determining that there was "no clear error on the face of the record," Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), the court adopted the Report and Recommendation and granted Respondent's motion for summary judgment on December 6, 2021. (Order Adopt. R&R, ECF No. 72.) The court received Thomas' objections on December 20, 2021. (Objs., ECF No. 76.) The envelope is stamped received by prison officials on November 29, 2021.[5] (Objs. (Envelope), ECF No. 76-1.) Accordingly, Thomas' objections are timely[6] and the court vacates its December 6, 2021 order, ECF No. 72, adopting the report and recommendation. This matter is now ripe for consideration.

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the

---

appeal as moot. Thomas v. Warden of Broad River Corr. Inst., No. 21-6220, 2021 WL 2181699 (4th Cir. May 28, 2021) (per curiam) (unpublished).

[5] Inexplicably, the objections were stamped received in the prison mail room on November 29, 2021, but the objections were not postmarked until December 17, 2021. (Objs. (Envelope), ECF No. 76-1.)

[6] Houston v. Lack, 487 U.S. 266 (1988).

non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."  Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate."  Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

### B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254.  Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. (quoting Williams, 529 U.S. at 410). In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable." Williams, 529 U.S. at 410.

### C. Report and Recommendation

In her Report and Recommendation, Magistrate Judge West recommends granting Respondent's motion for summary judgment and dismissing Thomas' petition. (R&R, ECF No. 68.) As to Thomas' claim that his counsel was ineffective for failure to review and investigate all witness statements, the magistrate judge recommends finding that the claim is procedurally barred because Thomas failed to raise it in the South Carolina appellate courts. (Id. 16-17, ECF No. 68.) Moreover, the magistrate judge also concluded that even if the claim was preserved for review, Thomas has failed to satisfy Strickland v. Washington, 466 U.S. 668, 689 (1984).

Likewise, the magistrate judge also recommends finding that Thomas failed to show in his post conviction relief ("PCR") action that the state court unreasonably applied United States Supreme Court precedent in finding Thomas' guilty plea to be voluntary. (Id. 18-22, ECF No. 68.)

### D. Objections

Thomas filed objections to the Report and Recommendation. (Objs., ECF No. 76.) Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Thomas lists the following objections to the magistrate judge's Report and Recommendation:

> 1.) that . . . petitioner's ineffective assistance of counsel and involuntary guilty plea arguments are insufficient to satisfy Strickland test.
>
> 2.) that Petitioner has shown no cause to discount the PCR Court's credibility determination and . . . no basis in the record on which to overturn the state court decision.
>
> 3.) [t]he PCR court['s] factual findings are based, in part, on its assessment that counsel['s] testimony was more credible than that of petitioner.
>
> 4.) that the PCR court reasonably found that Petitioner failed to show his guilty plea was induced by ineffective assistance of counsel[.]
>
> 5.) that the Alford plea was freely, voluntarily, and intelligently [sic].
>
> 6.) [t]hat petitioner was not prejudiced by trial counsel['s] failure to show petitioner the audio/video recordings of the state[']s witness statements/transcripts[.]

(Objs. 1, ECF No. 76.)

### i. PCR Court's Application of Strickland v. Washington[7]

The court construes objections one, four, five, and six as objecting to the magistrate judge's conclusions that Thomas failed to meet his burden of showing by clear and convincing evidence that: (1) the PCR court made an unreasonable factual determination in finding that Thomas was not prejudiced by his trial counsel's failure to show the audio/video recordings of the State's witnesses, and (2) the PCR court unreasonably applied United States Supreme Court precedent. (Objs. 1, ECF No. 76.)

When reviewing a state court's application of Strickland, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." Harrington v. Richter, 562 U.S. 86, 101 (2011). Further, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). In order to obtain relief under § 2254, the state court's application of Strickland must have been "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 103. In other words, an incorrect application of Strickland is not necessarily an unreasonable application of

---

[7] Notably, Thomas fails to object to the magistrate judge's finding that his claim of ineffective assistance of counsel is procedurally barred. (R&R 16-17, ECF No. 68.) Further, after review, the court concludes that there is "no clear error on the face of the record." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Accordingly, the court only reviews the first objection as it pertains to Thomas' involuntary guilty plea claim.

Strickland that merits habeas relief under § 2254. Williams v. Taylor, 529 U.S. 362, 410 (2000) ("[A]n unreasonable application of federal law is different from an incorrect application of federal law.").

In this case, Thomas alleges that his trial counsel's constitutionally ineffective assistance resulted in an involuntary guilty plea. A review of the record reflects that the PCR court thoroughly and reasonably examined Thomas' claims that his trial counsel was ineffective and that his guilty plea was involuntary. (Ret. & Mem. Supp. Mot. Summ. J. Ex. 1 (App'x. 104-112), ECF No. 56-1.) The PCR court reasonably found that Thomas understood his rights, the charges, and the penalties, and had fully discussed the case with his counsel, was satisfied with his representation, and wished to enter an Alford plea. (Id. Ex. 1 (App'x. 104-112), ECF No. 56-1.); see Strickland, 466 U.S. at 689 (noting that "[t]here are countless ways to provide effective assistance in any given case," and instructing that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . ."). Further, Thomas has failed to identify any authority to support his argument that the PCR court unreasonably applied Strickland to his claims. Thus, Thomas has not demonstrated that the PCR court's application of Strickland was unreasonable. See Harrington, 562 U.S. at 103. Accordingly, these objections are without merit.

### ii. PCR Court's Credibility Determination

As to objections two and three, Thomas objects to the magistrate judge's deference to the PCR court's credibility assessment finding Thomas' counsel more credible. (Objs. 1, ECF No. 76.) "[F]or a federal habeas court to overturn a state court's

factual judgments, the state court's error must be stark and clear. Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). "Indeed, 'federal courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." Id. (quoting Marshall v. Lonberger, 459 U.S. 422, 434 (1983). Aside from his bald assertion that the PCR court's credibility determinations were erroneous, Thomas fails to provide any support for his position. Thomas has failed to meet his burden of showing by clear and convincing evidence that the PCR's court's credibility determination was erroneous. Accordingly, these objections are without merit.

### III. CONCLUSION

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge West's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that the court's order, docket number 72, is vacated. It is further

**ORDERED** that Respondent's motion for summary judgment, docket number 57, is granted. It is further

**ORDERED** that Thomas' petition, docket number 1, is dismissed with prejudice.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
January 5, 2022

9

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has a right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.